# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

**Appeal No. 24-1389**

**UNITED STATES OF AMERICA,**
Appellee

v.

**DANIEL E. CARPENTER,**
Defendant-Appellant

**GOVERNMENT'S RULE 27(c) MOTION
FOR SUMMARY DISPOSITION**

For the following reasons, the Court should summarily affirm pursuant to Local Rule 27(c).

The lengthy procedural history of this case is comprehensively recounted in the government's successful motion for summary disposition in Appeal No. 21-1935 and in one of its district court responses below [ECF 618]. In a nutshell, in 2008, a jury convicted Carpenter of 19 counts of mail and wire fraud. Carpenter has since litigated countless issues in this Court and the district court, including the same basic claims he raises now, ultimately recycling the claims through habeas corpus and then through coram nobis and audita querela after he was released from prison. *See, e.g.*, *United States v. Carpenter*, 736 F.3d 619, 626-31 (1st Cir. 2013); *United States v. Carpenter*, 781 F.3d 599, 607-23 (1st Cir. 2015); *Carpenter v. United States*, No.

1

19-1246 (1st Cir. Sept. 4, 2019); *United States v. Carpenter*, 941 F.3d 1, 3-12 (1st Cir. 2019); *United States v. Carpenter*, No. 20-2133 (1st Cir. April 1, 2021); *United States v. Carpenter*, No. 21-1935 (1st Cir. June 1, 2022); *United States v. Carpenter*, 405 F. Supp. 2d 85, 101-04 (D. Mass. 2005); *United States v. Carpenter*, 542 F. Supp. 2d 183, 183-85 (D. Mass. April 8, 2008); *United States v. Carpenter*, 2019 WL 722631, at **1-8 (D. Mass. Feb. 20, 2019); ECF Orders 302, 376, 500, 604.

In Carpenter's most recent appeal, this Court issued a clear warning to him in denying relief: "This matter has been fully adjudicated over the course of many district court, appellate, mandamus, habeas, and miscellaneous proceedings. Further attempts to repackage claims already rejected by the district court and this court will not succeed." *United States v. Carpenter*, No. 21-1935 (1st Cir. June 1, 2022).

Undeterred, Carpenter soon filed frivolous motions once again challenging his convictions in the district court, citing Fed. R. Civ. P. 60(b)(4) and then Fed. R. Civ. P. 60(b)(6). [ECF 613, 614, 619, 620, 622]. The government responded. [ECF 618, 621]. On September 21, 2023, the district court denied relief, citing this Court's warning and finding that Carpenter was merely repackaging old claims. [ECF 623]. Instead of appealing that order, Carpenter filed further motions, including a "motion to amend" citing Fed. R. Civ. P. 59(e) [ECF 624, 625] which the government opposed [ECF 626]. The district court denied the motion to amend on April 17, 2024. [ECF 629]. Carpenter now appeals. [ECF 631].

As the district court properly found, Carpenter is simply repeating claims over and over again (*e.g.*, alleged lack of venue, lack of jurisdiction, untimely indictment, perjured testimony, due process notice violations). That he cites new and irrelevant decisions in support of those claims (*e.g., Ruan v. United States*, 597 U.S. 450 (2022), and *United States v. Abdelaziz*, 68 F.4th 1 (1st Cir. 2023)), or invokes new procedural vehicles to advance them, does not change that fundamental fact. And to the extent any of the issues raised in his motion to amend could be considered new and not waived or barred by the law of the case doctrine, they do not even remotely satisfy the standards for relief applicable to challenges to convictions by defendants who are no longer in custody. *See United States v. Castro-Tavares*, 841 F.3d 34, 39 (1st Cir. 2016).

Carpenter is abusing the judicial system. The Court should summarily affirm pursuant to Local Rule 27(c).

                                      Respectfully submitted,

                                      JOSHUA S. LEVY
                                      Acting United States Attorney

                      By:   /s/ *Donald C. Lockhart*
                             DONALD C. LOCKHART
                             Assistant U.S. Attorney

# CERTIFICATE OF COMPLIANCE WITH
## Rule 32(a)

**Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type Style Requirements**

1. This motion for summary disposition complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A), because, excluding the certificates of counsel, it contains 553 words (a motion for summary disposition may not exceed 5,200 words).

2. This motion for summary disposition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using Times New Roman 14 point, in Microsoft Word version 2016.

/s/ *Donald C. Lockhart*
DONALD C. LOCKHART
Assistant U.S. Attorney

Date:   July 12, 2024

**CERTIFICATE OF SERVICE**

      I, Donald C. Lockhart, Assistant U.S. Attorney, hereby certify that on July 12, 2024, I electronically served a copy of the foregoing document on the following registered participant of the CM/ECF system:

Daniel E. Carpenter, *pro se*
18 Pond Side Lane
West Simsbury, CT 06092

                                                  /s/ *Donald C. Lockhart*
                                                  DONALD C. LOCKHART
                                                  Assistant U.S. Attorney